

FILED
CLERK, U.S. DISTRICT COURT

APR 17 2025

CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CARLOS GUTIERREZ-ROMERO,<br><br>Defendant. | Case No. 25-MJ-1719<br><br>ORDER OF DETENTION |

I.

On April 14, 2025, Defendant Carlos Gutierrez-Romero– assisted by a Spanish Language interpreter - made his initial appearance on the criminal complaint filed in this case. Deputy Federal Public Defender Kathryn Rosenfeld was appointed to represent Defendant. The government was represented by Assistant U.S. Attorney Christina Lopez. At Defendant's request, a detention hearing was continued to April 17, 2025 and held on that date.

☐ On motion of the Government [18 U.S.C. § 3142(f)(1)] in a case allegedly involving a narcotics or controlled substance offense with maximum sentence of ten or more years.

☒ On motion by the Government or on the Court's own motion [18 U.S.C. § 3142(f)(2)] in a case allegedly involving a serious risk that the defendant will flee.

The Court concludes that the Government is not entitled to a rebuttable presumption that no condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety or any person or the community [18 U.S.C. § 3142(e)(2)].

II.

The Court finds that no condition or combination of conditions will reasonably assure:  ☒ the appearance of the defendant as required.

☒ the safety of any person or the community.

III.

The Court has considered: (a) the nature and circumstances of the offense(s) charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (b) the weight of evidence against the defendant; (c) the history and characteristics of the defendant; and (d) the nature and seriousness of the danger to any person or the community.  [18 U.S.C. § 3142(g)] The Court also

considered the reports and recommendations prepared by United States Probation and Pretrial Services, dated April 14, 2025 and April 17, 2025, and the arguments of counsel at the hearing.

## IV.

The Court bases its conclusions on the following:

As to risk of non-appearance:

- ☒ family ties outside the United States, albeit limited
- ☒ No legal status in the United States
- ☒ limited and insufficient bail resources
- ☒ criminal history includes 2022 conviction for battery with serious bodily injury; defendant is a registered sex offender.
- ☒ Defendant has used six name variations and two dates of birth
- ☒ Defendant is alleged to have entered the United States without permission after being deported in 2012 and 2014.

As to danger to the community:

- ☒ allegations in the complaint; criminal history, registered sex offender
- ☒ substance use history
- ☒ pending DUI case in state court

2

V.

The defendant will be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant will be afforded reasonable opportunity for private consultation with counsel. On order of a Court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility in which defendant is confined will deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding. [18 U.S.C. § 3142(i)]

Dated: April 17, 2025                    /s/
                                         ALKA SAGAR
                                         UNITED STATES MAGISTRATE JUDGE